UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 02-80032-Cr-Hurley

UNITED STATES OF AMERICA,

v.

HERBERT REMBERT,

Defendant.
_____/

FILED by _____ D.C.
SEP 11 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

The Defendant, HERBERT REMBERT, appeared before the Court on September 9, 2013, represented by counsel, for a final hearing on two alleged violations of supervised release. For the reasons that follow, the Court respectfully recommends that the Defendant be found guilty of both violations.

### BACKGROUND

The Defendant was originally convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On October 11, 2002, he was sentenced to 60 months in prison followed by three years of supervised release.

After serving the prison portion of his sentence, the Defendant commenced his first term of supervised release on October 9, 2006. As a result of subsequent violations, this first term was modified once and eventually revoked on May 21, 2012, resulting in the Defendant being sentenced to one year and one day in prison, followed by 23 months of supervised release.

The Defendant commenced his second term of supervised release on February 15, 2013. He is now charged with violating two mandatory conditions of his supervised release

1

by (1) failing to refrain from violating the law in that, on July 12, 2013, he committed the offense of felon in possession of a firearm, in violation of Florida Statue § 790.23, and (2) possessing a firearm as defined in 18 U.S.C. § 921 as evidenced by his state arrest on July 12, 2013.[1]

## FINAL HEARING

At the final hearing, the parties made opening statements and the Court heard sworn testimony from West Palm Beach Police Officer Steven Mooney. The Government stated that, during an early afternoon routine traffic stop, West Palm Beach police found the Defendant in the possession of a firearm. Through counsel, Defendant responded that there is insufficient evidence to support a finding that he violated any conditions of supervised release.

Officer Mooney testified that on July 11, 2013, he initiated a traffic stop of a four-door rental car being driven by the Defendant. The Defendant was alone in the car. Approaching the car from the rear, Officer Mooney observed the Defendant retrieve a black and silver firearm from his waistband and, holding the firearm by its grip, reach back over the center console to place the firearm in the rear passenger seat area. Officer Mooney ordered the Defendant out of the car. After cuffing the Defendant, Officer Mooney proceeded to retrieve a holstered firearm from the car's rear passenger compartment. Officer Mooney knew and verified that the Defendant is a convicted felon.

On cross-examination, Officer Mooney testified that the Defendant was initially stopped for failure to wear a seatbelt. Officer Mooney did not recall the car windows being tinted and said, if they were, the tint was light. Officer Mooney first briefly observed the

---

[1] According to defense counsel, Defendant has pled not guilty in the underlying state court criminal proceedings and discovery is ongoing in that forum.

2

firearm, which he described as having a black handle with silver on top, in the Defendant's right hand. During his initial observation, Officer Mooney said there was no way to tell whether the firearm was holstered. Officer Mooney agreed that he did not mention the fact that the firearm was holstered in his police report. Post-retrieval, Officer Mooney stated, it was clear that the firearm was in a holster that covered approximately 90% of the firearm. Officer Mooney agreed that it would not have been possible for the Defendant to holster the gun using one hand.

In connection with Officer Mooney's testimony, three defense exhibits were admitted into evidence. Defense Exhibit Nos. 1 and 2 consist of sixteen crime scene investigation photos, including photos of the Defendant's car and the firearm in question. Defense Exhibit No. 3 is a latent fingerprint report concluding that latent prints lifted from the outside of the car's passenger door "have insufficient ridge detail to make a comparison to anyone."

## DISCUSSION

A district court may revoke a Defendant's term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3); see U.S. v. Trainor, 376 F.3d 1325, 1331 (11th Cir. 2004) (the preponderance of the evidence standard requires only that the trier of fact believe that "the existence of a fact is more probable than its nonexistence"). "[A]n explicit condition of supervised release[ ] [is] that the defendant not commit another Federal, State, or local crime during the term of supervision." 18 U.S.C. § 3583(d). Determining whether a defendant violated a condition of his supervised release depends on his actual conduct, not whether he was charged with, or convicted of, a crime. U.S.S.G. § 7B1.1 cmt. n. 1.

3

The Court finds by a preponderance of the evidence that the Defendant violated his term of supervised release by being a convicted felon in possession of a firearm on July 11, 2013. The Court finds Officer Mooney's testimony credible and consistent with the photographic evidence. The traffic stop occurred during daylight hours and the photos of the car taken soon after the traffic stop show that the window tinting, if any, was light enough to allow someone to look in through the windshield and out through the driver and passenger windows. Thus, the Court credits Officer Mooney's testimony about having observed the car's only passenger, the Defendant, handling the firearm during Officer Mooney's approach from the rear of the car.

The Court attaches no significance to the inconclusive fingerprint report and Officer Mooney's failure to mention a holster in his police report. The photos in evidence show that the tight holster around the firearm molds almost perfectly to the shape of the weapon. Under such circumstances, it is not unusual for Officer Mooney to have identified the holstered gun as simply a gun in his written report. Moreover, the photos also show that, even when holstered, the silver portions of the firearm were still visible, consistent with Officer Mooney's testimony describing the firearm. Therefore, the Court concludes that the credible evidence demonstrates by a preponderance of the evidence that Defendant possessed a firearm, thereby violating the conditions of his supervised release requiring that he not possess a firearm or commit another Federal, State, or local crime.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the District Court find the Defendant guilty of violations 1 and 2. The Court further RECOMMENDS that this matter be set down for sentencing before U.S. District Judge Daniel T.K. Hurley.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Daniel T.K. Hurley, within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See U.S. v. Warren, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 11th day of September, 2013.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE